UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
00 AUG -7 PM 1:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

EMPLOYERS REINSURANCE )
CORPORATION, )
 )
    Plaintiff, )
 )
vs. )  Civil Action No. CV-99-S-2691-NE
 )
CLYDE WAYNE GREGORY et al., )
 )
    Defendants. )

ENTERED
AUG 7 2000

## MEMORANDUM OPINION

This action is before the court on plaintiff's motion for summary judgment (Doc. No. 107) against <u>two</u> of the many defendants in this action, namely <u>Frank J. Hales</u> and <u>Iva Jean P. Hales</u> (collectively "the Hales"). Plaintiff supported its motion with legal arguments and evidentiary submissions. The Hales did not respond to plaintiff's motion, despite the fact that they were given notice of the dates by which they should submit any materials in opposition to plaintiff's motion. *See* Submission order relating to plaintiff's motion for summary judgment as to the Hales (Doc. No. 108). Therefore, it cannot be seriously contended that the Hales were unaware of their burdens of Federal Rule of Civil Procedure 56.

Further, when a motion for summary judgment is made and supported as provided by the Federal Rules of Civil Procedure,

> an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). "There is no genuine issue for trial unless the non-moving party establishes, through the record presented to the court, that it is able to prove evidence sufficient for a jury to return a verdict in its favor." *Cohen v. United American Bank of Central Florida*, 83 F.3d 1347, 1349 (11th Cir. 1996) (affirming grant of summary judgment where non-movant did not adduce evidence is support of claim and filed to "supplement the allegations of the complaint with affidavits, file a memorandum in opposition to the motion for summary judgment, or otherwise comply with Rule 56(e) on a timely basis").

Plaintiff argues summary judgment is due to be granted against the Hales on its claim for declaratory relief. Upon consideration of plaintiff's motion, legal arguments, evidentiary submissions, and pleadings, this court concludes plaintiff's argument is correct. Viewing the facts in the light most favorable to the Hales, plaintiff is entitled to judgment as a matter of law. Moreover, as the Hales have made no effort to supplement the record

or otherwise meet their Rule 56 burden, despite notice that they should do so, summary judgment is appropriate. Accordingly, the court adopts plaintiff's arguments as its own, and finds plaintiff's motion is due to be granted on the grounds stated therein. An order of final judgment consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this **7th** day of August, 2000.

*[signature]*
United States District Judge