FILED
01 FEB 15 PM 1:50
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

EMPLOYERS REINSURANCE )
CORPORATION, )
  )
   Plaintiff, )
  )
vs. ) Civil Action No. CV-99-S-2691-NE
  )
CLYDE WAYNE GREGORY, et. al., )
  )
   Defendants. )

ENTERED
FEB 1 5 2001

### MEMORANDUM OPINION

This action is before the court on plaintiff's motion for summary judgment against one of the many defendants in this action, Clyde Wayne Gregory (doc. no. 142).

Plaintiff supported its motion with legal arguments and voluminous evidentiary submissions. Plaintiff also submitted a document, purportedly signed by defendant Clyde Wayne Gregory on December 15, 2000, and stating that he would "not oppose the Motion for Summary Judgment filed by Employers Reinsurance on December 8, 2000, in the case styled *Employers Reinsurance Corporation v. Clyde Wayne Gregory, et al.*, [i]n the United States District Court for the Northern District of Alabama, CV-99-S-2691-NE."[1] that he would not oppose the motion. See Letter received December 26, 2000.

Gregory has not responded to plaintiff's motion, despite the

---

[1] See the December 22, 2000 letter from one of the attorneys for plaintiff (Emily Sides Bonds) addressed to, and received by, this court on December 26, 2000, and the attachments thereto (copies of which are attached to this order).



fact that he was given notice of the dates by which he should submit any materials in opposition to plaintiff's motion: *see* the submission order entered December 8, 2000 (doc. no. 143).[2]

When a motion for summary judgment is made and supported as provided by the Federal Rules of Civil Procedure,

> an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment , if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). "There is no genuine issue for trial unless the non-moving party establishes, through the record presented to the court, that it is able to prove evidence sufficient for a jury [or the court, in the case of a non-jury proceeding] to return a verdict in its favor." *Cohen v. United American Bank of Central*

---

[2] The order entered December 8, 2000 (doc. no. 143) lifted the partial stay against claims asserted against defendant Clyde Wayne Gregory entered on December 28, 1999 (doc. no. 74), and, established dates by which plaintiff and defendant Gregory were to submit materials in support of and opposition to the subject motion for summary judgment:

> The motion for summary judgment against defendant Gregory filed by plaintiff on December 8, 2000, will be deemed submitted to the court for decision, without oral argument, as of February 9, 2001. Any additional evidentiary matters that movant intends to rely on must be filed by December 22, 2000. If a brief has not already been filed, movant is directed to file a brief by January 5, 2001. Any evidentiary matters the party opposing the motion intends to rely on must be filed by January 26, 2001. Any brief of opposing party must be filed by February 9, 2001.

Doc. No. 143, at 1.

*Florida*, 83 F.3d 1347, 1349 (11th Cir. 1996).

Plaintiff argues summary judgment is due to be granted against Gregory on its claim for declaratory relief. Upon consideration of plaintiff's motion, legal arguments, evidentiary submissions, and the pleadings, this court concludes that plaintiff's motion is due to be granted. Viewing the facts in the light most favorable to Gregory, plaintiff is entitled to judgment as a matter of law. Moreover, as Gregory has made no effort to supplement the record or otherwise meet his Rule 56 burden, despite notice that he should do so, summary judgment is appropriate. Accordingly, the court adopts plaintiff's arguments as its own, and finds plaintiff's motion is due to be granted on the grounds stated therein. A declaratory consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this the 15th day of February, 2001.

_____
United States District Judge